RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/9/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| AMERICO G. JUNCO,<br>     Petitioner | CIVIL ACTION<br>SECTION "P"<br>1:11-CV-02082 |
| VERSUS | |
| WARDEN R. MARTINEZ,<br>     Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, in forma pauperis, by pro se petitioner Americo G. Junco ("Junco") on December 2, 2011. Junco is contesting the loss of good time credits following a disciplinary proceeding. Junco is presently incarcerated in the United States Penitentiary in Pollock, Louisiana.

Junco raises the following grounds for habeas relief:

1. Junco's right to due process was violated when BOP officials failed to adhere to their own regulations (28 C.F.R. 541.1(b)) and there was insufficient evidence because BOP officials failed to prove knowledge and intent elements to support a finding of constructive possession.

2. Junco's right to due process was violated when BOP officials failed to respond to Junco's timely filed BP-10 and for denying him his right to proceed to the next appeal process pursuant to 28 C.F.R. 542.18.

Junco shows he exhaustion of his administrative remedies.

Although there appears to have been mistakes made by the regional administrator's office and the central office in handling Junco's grievances,[1] Junco diligently pursued his administrative remedies and provided them with the opportunity (several times) to review his complaint. Therefore, Junco's administrative remedies are considered exhausted.

## Law and Analysis

### Timeliness of Administrative Responses

Junco contends BOP officials violated due process by failing to timely respond to his BP-10 at the regional office. The response time set forth in 28 C.F.R. 542.18 is as follows:

> If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days. If the Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing. If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing.

---

[1] The Regional Administrator's office failed to respond to Junco's appeal (several times), and the central office refused to consider Junco's next step grievance because he had not provided a response from the regional administrator (Doc. 1), leaving Junco in a "Catch-22" situation. When the regional administrator finally responded, nearly two years after the first appeal was filed, it was to reject Junco's appeal as "untimely" (Doc. 1). Junco clearly exercised diligence in pursuing his administrative remedies and is deemed to have exhausted them.

2

> Staff shall respond in writing to all filed Requests or Appeals. *If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.*

Junco has provided this court with evidence of numerous attempts to file his grievance at the regional office, and the rejection of his grievance by the central office for "failing" to get a response from the regional office. Junco was clearly in a "Catch-22" situation which has not precluded him from filing a complaint in this court.[2]

Inmates do not have a constitutional right to participate in grievance proceedings. Massey v. Helm, 259 F.3d 641 (7th Cir. 2001), and cases cited therein; Adams v. Rice, 40 F.3d 72 (4th Cir. 1994). Moreover, a failure by prison officials to comply with their own regulations does not state a constitutional claim cognizable on habeas review. Arceneaux v. Young, 369 Fed.Appx. 620 (5th Cir. 2010), citing Jackson v. Cain, 864 F.2d 1235, 1251-52 (5th Cir.1989). Therefore, since Junco has not stated a constitutional claim cognizable under habeas, this ground for relief is meritless.

Due Process in Disciplinary Proceeding

Junco also alleges he was denied due process in his

---

[2] As set forth, the administrative regulations provide a procedure to follow in the event prison officials fail to timely respond to a grievance. Junco followed that procedure by filing an appeal at the next level. The fact that Junco's appeal was improperly rejected at the national appeals level (due to the regional office's failure to respond) did not affect Junco's right to proceed to court.

disciplinary proceeding because he was convicted on insufficient evidence. Junco contends he received advanced written notice of his alleged disciplinary violations from Lt. Rivera, but that Lt. Rivera did not conduct an investigation as required by § 542.14(b), so there is insufficient evidence to support his conviction.

Junco was charged, in the Federal Correctional Institute in Jessup, Florida, with disciplinary violations when a cell phone was found in his light fixture. Junco contends the phone was not his, he did not have the tool necessary to open the light fixture, and he has no idea who put the phone there or when they did so. Junco contends Rivera failed to take fingerprints from the phone (which would have shown his prints were not on it), failed to download a call log from the phone, did not find the security tool required to open the light fixture in Junco's cell, and it was not established the phone was operable. The disciplinary hearing report indicates the only evidence was an undisclosed statement from a "confidential informant" and the fact that the phone was found in Junco's light fixture.

Junco was convicted of possession of a hazardous tool and sentenced to 45 days in disciplinary segregation, one year loss of telephone privileges beginning September 2, 2009, six months loss of visitation privileges beginning September 2, 2009, and a disciplinary transfer (to a higher security prison) was recommended. Junco has neither alleged nor shown that he lost good

4

time credit due to his conviction.

A prisoner's challenge to a disciplinary action may fall within the scope of § 2241. Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir.2001). Relief is not available, however, unless the petitioner shows that prison authorities deprived him of some right secured by the Constitution or laws of the United States. Brecht v. Abrahamson, 507 U.S. 619, 633-34, 113 S.Ct. 1710 (1993); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995). Moreover, the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. Sandin v. Conner, 515 U.S. 472, 478, 115 S.Ct. 2293 (1995). A recognized liberty or property interest must be at stake before a due process claim is cognizable. Bd. of Regents v. Roth, 408 U.S. 564, 569-70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Thus, a petitioner is not entitled to due process protections in a prison disciplinary hearing unless he is subjected to sanctions which impose atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 484. The Supreme Court has decided that only those state-created substantive interests which inevitable affect the duration of a prisoner's sentence may qualify for constitutional protection under the Due Process Clause. Sandin, 515 U.S. at 487; Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir.1995), cert. denied, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d

686 (1996).

Loss of privileges do not implicate due process concerns. <u>Malchi v. Thaler</u>, 211 F.3d 953, 958 (5th Cir. 2000). A temporary loss of privileges do not pose atypical or significant hardships beyond the ordinary incidents of prison life. These are merely minimal and temporary changes in conditions of confinement and do not, therefore, implicate the protections afforded by the Due Process Clause. See <u>Madison v. Parker</u>, 104 F.3d 765, 767-68 (5th Cir. 1997). A claim regarding custodial classification also fails to qualify for federal habeas relief as the subsequent possible loss of the mere opportunity to earn good-time credits does not constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause. <u>Luken v. Scott</u>, 71 F.3d 192, 193 (1995), cert. denied, 517 U.S. 1196, 116 S.Ct. 1690 (1996). The possibility that a reduction in a petitioner's time-earning class status would affect his ultimate release date from prison is simply too attenuated to invoke the procedural guarantees of the Due Process Clause. <u>Luken</u>, 71 F.3d at 193. Also, there is no constitutionally-protected interest in being assigned to a particular prison facility. <u>Tighe v. Wall</u>, 100 F.3d 41, 42 (5th Cir. 1996); <u>Biliski v. Harborth</u>, 55 F.3d 160, 162 (5th Cir. 1995). These are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest. <u>Madison</u>, 104 F.3d at 767-68.

6

Since the sanctions imposed on Junco (loss of privileges, transfer to a higher security facility) did not implicate a protected liberty interest, Junco is not entitled to habeas corpus relief.[3]

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Junco's habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

---

[3] It is also noted that the sentences to loss of telephone and visitation privileges, as well as the sentence to disciplinary segregation, are completed and, therefore, moot.

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 7th day of February, 2012.

```
                    JAMES D. KIRK
            UNITED STATES MAGISTRATE JUDGE
```